**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TRUSTEES OF THE CEMENT MASONS    )
PENSION FUND, LOCAL 502; TRUSTEES  )
OF THE CEMENT MASONS INSTITUTE OF )
CHICAGO, ILLINOIS; TRUSTEES OF THE  )
CEMENT MASONS  SAVINGS FUND, LOCAL )
502; and TRUSTEES OF THE CEMENT MASONS)
APPRENTICE EDUCATION AND TRAINING  )
FUND, LOCAL 502,                          )
                 Plaintiffs         )
                                )   No. 14 C 46
         v.                 )
                                )   Judge
ASPHALT, CONCRETE & EXCAVATION    )
SOLUTIONS, INC., AN ILLINOIS          )   Magistrate Judge
CORPORATION, AND RAY ROCKE,      )
INDIVIDUALLY,                     )
                 Defendants.  )

**COMPLAINT**

     Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN,

complain against Defendants, **ASPHALT, CONCRETE & EXCAVATION SOLUTIONS,**

**INC., AND RAY ROCKE, INDIVIDUALLY**, as follows:

**COUNT I**

     1.     (a)     Jurisdiction of this cause is based on Section 301 of the National Labor

Relations Act, 29 U. S. C. Section 185(a) as amended.

             (b)     Jurisdiction of this cause is based upon Section 502 of the Employee

Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

     2.     Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where

the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 502; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 502; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 502, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, **ASPHALT, CONCRETE & EXCAVATION SOLUTIONS, INC**. **("ACES"),** is an Illinois corporation and is an employer engaged in an industry affecting commerce with its principal place of business located within this Court's jurisdiction.

(b) **ACES** is an employer engaged in an industry affecting commerce.

5. Since on or about June 9, 2011, **ACES** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to make periodic contributions to the Cement Masons Funds on behalf of its membership in the Concrete Contractors Association.

6.      **ACES** is required to make contributions to the Funds on behalf of its Cement Mason employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7.      Plaintiffs are advised and believe that from **June 9, 2011 through the present,** **ACES** has failed to make some of the contributions, from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.      **ACES** be ordered to submit to an audit for the period **June 9, 2011 through the present**.

A.      Judgment be entered on any amounts found to be due on the audit for the period **June 9, 2011 through the present**.

B.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

C.      **ACES** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

1-7. Plaintiffs repeat and reallege Paragraphs 1-7 of Count I as Paragraphs 1-7 of Count II.

8.      Defendant, **RAY ROCKE ("ROCKE")** is, on information and belief owner and operator of Defendant, **ACES** and a person who resides within this court's jurisdiction.

9.      **ROCKE** co-signed and guaranteed the Installment Note entered into by **ACES** with the Plaintiff Funds. (Exhibit B)

10.     The Note is in default since October 15, 2013.  There is an unpaid balance of **$4,875.02** on the Note payable to Plaintiffs.

11.     Default on the Note accelerates the entire balance due.

12.     **ROCKE** has failed to make payment despite repeated demand for payment.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, **ROCKE** in the amount of **$4,875.02.**

Respectfully submitted,

TRUSTEES OF THE CEMENT MASONS
PENSION FUND, LOCAL 502, et. al.


By:___s/Donald D. Schwartz_____
        One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
203 N. LaSalle St., Suite 1650
Chicago, IL 60601
(312) 236-0415

4